## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| SOLUTIONS SHARED SERVICES as Plan Administrator of the SOLUTIONS SHARED SERVICES HEALTH AND WELFARE BENEFIT PLAN,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL JIMENEZ, and<br>GLASHEEN, VALLES & INDERMAN, LLP,<br><br>                    Defendants. | Case No.  5:19-cv-1054<br><br>COMPLAINT FOR:<br>1.  RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3);<br>2.  DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201;<br>3.  DECLARATORY RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3)(B)(ii);<br>4.  ATTORNEYS FEES AND COSTS. |

### COMPLAINT

For its Complaint against Defendants Michael Jimenez and Glasheen, Valles & Inderman, LLP, the Plaintiff, Solutions Shared Services as Plan Administrator of the Solutions Shared Services Health and Welfare Benefit Plan, avers and states as follows:

### BACKGROUND

1.      This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(a)(3) for  equitable relief to remedy violations of and enforce the Solutions Shared Services Health and Welfare Benefit Plan (sometimes hereinafter referred to as the "Plan"), which is a self-funded employee welfare benefit plan within the meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1).

2.      The Plan has paid benefits on behalf of Michael Jimenez for injuries he sustained from a May 12, 2017 motor vehicle accident.  The Plan seeks equitable relief in the form of a constructive trust and/or equitable lien by agreement upon amounts held by Michael Jimenez and Glasheen, Valles & Inderman, LLP that belong in good conscience to the Plan.

3.      This is an action, in part, for equitable relief and the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession or constructive possession of the Defendants.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. The Court has the exclusive subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1).

5.      Venue in this Court is proper, pursuant to 29 U.S.C. § 1132(e)(2), because this is where the plan is administered.

## THE PARTIES

6.      Plaintiff, Solutions Shared Services, was for pertinent times hereto the plan administrator and a fiduciary of the Solutions Shared Services Health and Welfare Benefit Plan, which is administered at 18615 Tuscany Stone, Suite 300, San Antonio, TX 78258.

7.      This is a civil action under 29 U.S.C. §1132(a)(3), by a "fiduciary," as defined under 29 U.S.C. §1002(21)(A), to (i) enjoin acts or practices which violate the provisions of Subchapter I of ERISA and the terms of the Plan, and (ii) to obtain other appropriate equitable relief to redress such violations. Therefore, federal jurisdiction exists under 29 U.S.C. §1132(e)(1)

8.      Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. § 1132(a)(3) and federal common law.

9.      Michael Jimenez for the periods of time relevant to this Complaint was a covered participant in the Plan and is an adult citizen of the State of Texas residing at 1213 La Paz, Andrews, TX 79714.

10.     Upon information and belief, Glasheen, Valles & Inderman, LLP ("Glasheen"), for the periods of time relevant to this Complaint, is a Texas domestic limited liability partnership, which represented Michael Jimenez for his injuries related to the accident.  This Defendant is a necessary party to this litigation as it is a trustee of the Michael Jimenez settlement funds and is in actual and/or constructive control of the funds, and is named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

11.     At all times relevant to this Complaint, Michael Jimenez was a participant and covered person under the terms of the Plan.

12.     On May 12, 2017, Michael Jimenez sustained severe head injuries as a result of a motor vehicle accident in Bexar County, Texas where Mr. Jimenez was rear-ended by a tractor trailer.

13.     Michael Jimenez filed claims against those responsible for his injuries and damages sustained as a result of the motor vehicle accident, including medical expenses paid by the Plan.

14.     Michael Jimenez also filed claims for medical expenses under the Plan and the Plan promptly paid those medical expenses in the amount of $245,979.69 from the assets of the Plan sponsor, on behalf of Michael Jimenez for injuries he sustained as a result of the motor vehicle accident and seeks to recover these monies from the Defendants to the fullest extent they have recovered monies from those responsible for Michael Jimenez's injuries.

15.     The Plan contains the following provisions governing subrogation and reimbursement:

**THIRD-PARTY RECOVERY, SUBROGATION AND REIMBURSEMENT**

**Payment Condition**

(1)     The Plan, in its sole discretion, may elect to conditionally advance payment of benefits in those situations where an Injury, Sickness, Disease or disability is caused in whole or in part by or results

from the acts or omissions of Participants and/or their Dependents, beneficiaries, estate, heirs, guardian, personal representative or assigns (collectively referred to hereinafter in this section as "Participant(s)") or a third party, where any party besides the Plan may be responsible for expenses arising from an incident, and/or other funds are available, including but not limited to no-fault, uninsured motorist, underinsured motorist, medical payment provisions, third party assets, third party insurance, and/or guarantor(s) of a third party (collectively "Coverage").

(2)   Participant(s), his or her attorney and/or legal guardian of a minor or incapacitated individual agrees that acceptance of the Plan's conditional payment of medical benefits is constructive notice of these provisions in their entirety and agrees to maintain one hundred percent (100%) of the Plan's conditional payment of benefits or the full extent of payment from any one or combination of first and third party sources in trust, without disruption except for reimbursement to the Plan or the Plan's assignee. By accepting benefits the Participant(s) agrees the Plan shall have an equitable lien on any funds received by the Participant(s) and/or their attorney from any source and said funds shall be held in trust until such time as the obligations under this provision are fully satisfied. The Participant(s) agrees to include the Plan's name as a co-payee on any and all settlement drafts.

(3)   In the event a Participant(s) settles, recovers or is reimbursed by any Coverage, the Participant(s) agrees to reimburse the Plan for all benefits paid or that will be paid by the Plan on behalf of the Participant(s). If the Participant(s) fails to reimburse the Plan out of any judgment or settlement received, the Participant(s) will be responsible for any and all expenses (fees and costs) associated with the Plan's attempt to recover such money.

(4)   If there is more than one party responsible for charges paid by the Plan or may be responsible for charges paid by the Plan, the Plan will not be required to select a particular party from whom reimbursement is due. Furthermore, unallocated settlement funds meant to compensate multiple injured parties of which the Participant(s) is/are only one or a few, that unallocated settlement fund is considered designated as an "identifiable" fund from which the Plan may elect to seek reimbursement.

**Subrogation**

(1)   As a condition to participating in and receiving benefits under this Plan, the Participant(s) agrees to assign to the Plan the right to subrogate any and all claims, causes of action or rights that may arise against any person, corporation and/or entity and to any Coverage to which the Participant(s) is entitled, regardless of how classified or characterized, at the Plan's discretion.

(2)   If a Participant(s) receives or becomes entitled to receive benefits, an automatic equitable subrogation lien attaches in favor of the Plan to any claim, which any Participant(s) may have against any Coverage and/or party causing the Sickness or Injury to the extent of such conditional payment by the Plan plus reasonable costs of collection.

(3)   The Plan may, at its discretion, in its own name or in the name of the Participant(s) commence a proceeding or pursue a claim against any party or Coverage for the recovery of all damages to the full extent of the value of any such benefits or conditional payments advanced by the Plan.

(4)   If the Participant(s) fails to file a claim or pursue damages against:

(a)   The responsible party, its insurer or any other source on behalf of that party;

(b)   Any first party insurance through medical payment coverage, personal Injury protection, no-fault coverage, uninsured or underinsured motorist coverage;

(c)   Any policy of insurance from any insurance company or guarantor of a third party;

(d)   Workers' Compensation or other liability insurance company; or

(e)   Any other source, including but not limited to crime victim restitution funds, any medical, disability

4

or other benefit payments and school insurance coverage;

the Participant(s) authorizes the Plan to pursue, sue, compromise and/or settle any such claims in the Participant(s)' and/or the Plan's name and agrees to fully cooperate with the Plan in the prosecution of any such claims. The Participant(s) assigns all rights to the Plan or its assignee to pursue a claim and the recovery of all expenses from any and all sources listed above.

**Right of Reimbursement**

(1)   The Plan shall be entitled to recover 100% of the benefits paid, without deduction for attorneys' fees and costs or application of the common fund doctrine, make whole doctrine or any other similar legal theory, without regard to whether the Participant(s) is fully compensated by his/her recovery from all sources. The Plan shall have an equitable lien which supersedes all common law or statutory rules, doctrines and laws of any State prohibiting assignment of rights which interferes with or compromises in any way the Plan's equitable lien and right to reimbursement. The obligation to reimburse the Plan in full exists regardless of how the judgment or settlement is classified and whether or not the judgment or settlement specifically designates the recovery or a portion of it as including medical, disability or other expenses. If the Participant(s)' recovery is less than the benefits paid, then the Plan is entitled to be paid all of the recovery achieved.

(2)   No court costs, experts' fees, attorneys' fees, filing fees or other costs or expenses of litigation may be deducted from the Plan's recovery without the prior, expressed written consent of the Plan.

(3)   The Plan's right of subrogation and reimbursement will not be reduced or affected as a result of any fault or claim on the part of the Participant(s), whether under the doctrines of causation, comparative fault or contributory negligence or other similar doctrine in law. Accordingly, any lien reduction statutes, which attempt to apply such laws and reduce a subrogating Plan's recovery will not be applicable to the Plan and will not reduce the Plan's reimbursement rights.

(4)   These rights of subrogation and reimbursement shall apply without regard to whether any separate written acknowledgment of these rights is required by the Plan and signed by the Participant(s).

(5)   This provision shall not limit any other remedies of the Plan provided by law. These rights of subrogation and reimbursement shall apply without regard to the location of the event that led to or caused the applicable Sickness, Injury, Disease or disability.

(Exhibit 1, Plan, pp. 85-86).

16.   Before June 12, 2017, the Defendant, Michael Jimenez retained Attorney Kevin Glasheen of Glasheen, Valles & Inderman, LLP in Austin, Texas to pursue claims against the parties responsible for his accident and injuries.

17.   On June 12, 2017, The Phia Group, LLC, on behalf of the Plaintiff, sent a notice letter to Glasheen seeking its acknowledgment that:

I hereby acknowledge that the applicable benefit plan contains a third party liability, subrogation and/or reimbursement provision(s), which provides that the Plan possesses subrogation and/or reimbursement rights.  I acknowledge that I, as an agent of my client (the Plan participant) have an obligation to cooperate with the Plan and comply with its terms, including any provisions regarding a duty to hold

funds in trust, act as a trustee over those funds on the Plan's behalf, and provide the Plan with information pertinent to protecting the Plan's rights. **I agree to contact The Phia Group for a final claims paid amount and will hold that amount in trust until this matter is resolved.**

(A copy of this acknowledgment is attached hereto as Exhibit 2).

18.     Attorney Kevin Glasheen returned the letter to The Phia Group, stating that "We acknowledge that you are claiming a subrogation interest."

19.     The Defendants have now settled claims against those responsible for Mr. Jimenez's injuries and its insurers for at least $3,895,000.83.   Though the Defendants have recovered significant settlement funds, they have refused to honor the Plan's first priority reimbursement claim.

20.     Instead of reimbursing the Plan, the Defendants contracted with Synergy Settlement Services, Inc., a Florida corporation doing business in Texas, to interfere with its contractually defined ERISA plan.

21.     Upon information and belief, Synergy Settlement Services, Inc. is not a law firm, yet it has contracted to retain a contingency fee of the settlement proceeds, and, as a result has a financial incentive to avoid the legally protected ERISA rights of the Plan and its participants.

22.     Upon information and belief, Synergy Settlement Services, Inc., a stranger to the Plan, has counseled the Defendants to wrongfully breach the terms of the Plan for its own financial gain.

23.     Despite numerous communications from the Plan and its representatives, at the advice of Synergy Settlement Services, Inc., the Defendants have failed to reimburse the Plan.

24.     On August 5, 2019 Teresa Kenyon, the Director of Lien Resolution Services for Synergy Settlement Services, Inc. sent a letter to The Phia Group, LLC retracting all prior settlement offers and stating, in no uncertain terms that "You will not be reimbursed 100%" and

threatening that "Mr. Jimenez and his attorney have held funds in trust [but] [t]heir patience is going thin and disbursement is on the horizon."

## COUNT I

### CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)
### (AGAINST ALL DEFENDANTS)

25.     The terms of the Plan are binding upon Defendant Michael Jimenez as a plan participant and covered person and any attorneys retained by him.  (Exhibit 1, Plan, p. 85, Payment Condition ¶ 2.)

26.     That where other coverage is available to participants, the Plan only pays benefits conditionally upon the participant's agreement that he and his attorneys will reimburse the Plan for payments it has made in the event of a recovery from a third party.

27.     The Defendants' agreement to reimburse creates an equitable lien by agreement over any subsequent recovery from another party.

28.     In this case, the Plan has a right to reimbursement of medical expenses it paid on behalf of Michael Jimenez from any and all settlement(s) received from parties responsible for his injuries up to the sum of $245,979.69.

29.     That Defendant Glasheen took over $1,000,000.00 of the settlement funds as a fee and remains in possession of those funds.

30.     That Defendant Jimenez is in possession or constructive possession of the remaining settlement funds.

31.     That the Defendants are in possession and/or constructive possession of the settlement funds to which they are not entitled and belong in good conscience to the Plan.  Despite numerous communications from the Plan and its representatives, the Defendants have refused all requests to reimburse the Plan.

32.    That under ERISA section 502(a)(3) there are no limitations upon a party who holds disputed funds on behalf of a plan participant. *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 244–46, 120 S.Ct. 2180, 2187, 147 L.Ed.2d 187 (2000).

33.    The Fifth Circuit has held that the Plan participant's attorney is a proper defendant where the attorney remains in possession of the funds. *See ACS Recovery Servs., Inc. v. Griffin,* 723 F.3d 518, 525 (5th Cir. 2013).

34.    As a result of Defendants' violation of the terms of the Plan, Plaintiff has been injured.  The Plaintiff in its capacity as fiduciary of the Plan, therefore seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a constructive trust and equitable lien upon specifically identifiable and traceable funds in order to enforce the terms of the Plan.

## COUNT II
## DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201
## (AGAINST ALL DEFENDANTS)

35.    The terms of the Plan are binding upon Defendant Michael Jimenez as a plan participant and covered person and any attorneys retained by him.  (Exhibit 1, Plan, p. 85, Payment Condition ¶ 2.)

36.    The Defendants agreed not to sign a settlement agreement with any party without the knowledge and consent of the Plan. (Exhibit 1, Plan, p. 87, Obligations ¶ 1(f).)

37.    The Defendants promised not to do anything to prejudice the Plan's rights of subrogation or reimbursement.  (Exhibit 1, Plan, p. 87. Obligations ¶ 1(d).)

38.    The Defendants breached this obligation by settling with the responsible parties without ever contacting the Plan or its representatives.

8

39.     The Defendants further agreed that any funds recovered by Defendant Michael Jimenez would be held in trust separately from the property of the Defendant Michael Jimenez. (Exhibit 1, Plan, p. 87, Separation of Funds.)

40.     The Plan has an enforceable right to reimbursement for medical expenses it paid on behalf of Michael Jimenez out of any and all settlement fund(s) the Defendants have received for Michael Jimenez's injuries. (Exhibit 1, Plan, p. 86, Right of Reimbursement.)

41.     The Defendants promised to promptly reimburse the Plan when a recovery through a settlement is made. (Exhibit 1, Plan, p. 87, Obligations ¶ 1(e).)

42.     Pursuant to the terms of the Plan, if Defendants fail to reimburse the Plan for all benefits paid out of any settlement received, the Participant will be responsible for any and all expenses (whether fees or costs) associated with the Plan's attempt to recover from the Defendants.  (Exhibit 1, Plan, p. 87, Obligations ¶ (2).)

43.     The Plan has attempted to enforce its right to reimbursement by asserting a lien on any recovery received by the Defendants.

44.     The Defendants' continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of the Plan's terms and a breach of the Defendants' obligations to the Plan.

45.     The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability and preemption of Texas state law, the "make-whole" and "common fund" doctrines by ERISA such that the Plan is entitled to first priority reimbursement of the benefits it paid on behalf of Michael Jimenez from the proceeds of any and all settlement(s) with the responsible third party(ies) that the Defendants have received for Michael Jimenez's injuries.

## COUNT III
## DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(3)(B)(ii)
## (AGAINST MICHAEL JIMENEZ)

46.    The Plan provides that "if timely repayment is not made, or the Plan participant and/or his/her attorney fails to comply with any of the requirements of the Plan the Plan has the right, in addition to any other lawful means of recovery, to deduct the value of the Plan Participant's amount owed to the Plan. To do this, the Plan may refuse payment of any future medical benefits and any funds or payments due under this Plan on behalf of the Plan Participant(s) in an amount equivalent to any outstanding amounts owed by the Plan Participant to the Plan." (Exhibit 1, Plan, p. 87, Offset.)

47.    The Plaintiff seeks a declaratory judgment from the Court allowing the Plan to reverse all charges paid by the Plan with the Defendant Michael Jimenez's medical providers and further to offset any and all benefits paid on his behalf.

## COUNT VII
## ATTORNEYS' FEES AND COSTS

48.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 46 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

49.    Plaintiff seeks its actual attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g).

50.    Plaintiff is also entitled to its actual attorneys' fees and costs pursuant to the terms of the Subrogation provision within the Plan.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Solutions Shared Services as Plan Administrator of the Solutions Shared Services Health and Welfare Benefit Plan requests the following:

A)    The imposition of an *in rem* constructive trust and/or equitable lien by agreement in favor of the Plan in the amount of $245,979.69 from the proceeds of any and all settlement(s),

plus accrued interest, in the possession of the Defendants and/or their attorneys, agents, representatives and all those acting in concert with them;

B)      A declaration of the Plan's ownership of the above-referenced settlement funds in the amount of $245,979.69 representing the full amount of payments made by the Plan on behalf of Michael Jimenez;

C)      An accounting of the disposition of any recoveries obtained by the Defendants or proof that the $245,979.69 remains in the Defendants' accounts;

D)      An order directing that any funds, material or property traced to the settlement proceeds received by the Defendants be disgorged and restored to the Plan.

E)      An order enjoining the Defendants from transferring or disposing of any settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

F) An order directing the Defendants to turn over the proceeds of the settlement up to $245,979.69 to the Plan, plus accrued interest;

G)      An order affirming Plaintiff's decision to offset and reverse benefits as neither arbitrary and capricious.

H)      Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendants to comply with their obligations under the terms of the Plan;

I)      An order prohibiting Synergy Settlement Services from further interfering with the valid contractual obligations of the parties;

J)      Awarding Plaintiff Solutions Shared Services as Plan Administrator of the Solutions Shared Services Health and Welfare Benefit Plan pre- and post-judgment interest, costs and attorneys' fees; and

K)      Any other relief as this Court may deem just and proper.

Dated this 30th day of August, 2019.

                                        Respectfully Submitted,

                                        ___/s/ James T. Busenlener_____
                                        James T. Busenlener (TX Bar No. 00792387)
                                        MATTHIESEN, WICKERT & LEHRER, S.C.
                                        101 W. Robert E. Lee Blvd, Ste. 401
                                        New Orleans, LA 70124
                                        Telephone: (262) 673-7850
                                        Fax: (262) 673-3766
                                        jbusenlener@mwl-law.com


                                        Ryan Woody, Esq.*
                                        Wisconsin Bar No. 1047279
                                        1111 E. Sumner Street
                                        P.O. Box 270670
                                        Hartford, WI 53027
                                        Telephone: (262) 673-7850
                                        Fax: (262) 673-3766
                                        rwoody@mwl-law.com
                                        *Pro Hac Vice admission pending

                                        Attorneys for Plaintiff,
                                        Solutions Shared Services as
                                        Plan Administrator of the Solutions Shared
                                        Services Health and Welfare Benefit Plan